# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. TEWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 10-1110 ) Chief Judge Lancaster ) Magistrate Judge Bissoon |
| GREENE CO. PRISON, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

Thomas J. Tewell ("Plaintiff") presently is incarcerated in Greene County Prison in Waynesburg, Pennsylvania. Plaintiff alleges that Defendants violated his rights under the First, Fourth, and Eighth Amendments to the United States Constitution by instituting a policy under which all outgoing inmate mail is censored. Compl. (Doc. 1-1), at 2. This case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On August 23, 2010, Plaintiff moved this Court for permission to proceed *in forma pauperis*. (Doc. 1). On August 24, 2010, Magistrate Judge Bissoon ordered Plaintiff to submit to this Court, by September 15, 2010, a certified copy of his institutional account statement from every jail or prison at which he was confined, showing the status of those accounts from March 1, 2010, through the date of submission. (Doc. 2). On September 22, 2010, having received no such submission from Plaintiff, the Magistrate Judge ordered Plaintiff to show good cause for this failure by October 7, 2010, or risk the dismissal of his case. (Doc. 3). As of the date of this writing, Plaintiff has not responded to that order, nor requested an extension of time to respond, nor filed the above-mentioned institutional statements. Because Plaintiff has failed

to produce these documents, which are required to proceed *in forma pauperis*, see 28 U.S.C. § 1915(a)(2), this Court will deny without prejudice Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1).

Additionally, a district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants, and Plaintiff's claims are still within the statute of limitations. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's order. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se*, and seeks to proceed *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's complaint fails to provide a sufficient basis for liability against Defendants under 42 U.S.C. § 1983. Thus, this factor weighs in favor of dismissal.

Because five of the six Poulis factors weigh heavily in favor of dismissal, this Court will dismiss this case without prejudice.

IT IS HEREBY ORDERED this 21st day of October, 2010, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to mark this case CLOSED.

GARY L. LANCASTER
CHIEF UNITED STATES DISTRICT JUDGE

Cc:
**THOMAS J. TEWELL**
Greene County Prison
855 Rolling Meadows Road
Waynesburg, PA 15370